PER CURIAM.
The appellant was convicted on charges of sexual battery on his nine year old daughter. We reverse the conviction on the following grounds and remand for a new trial.
The trial court allowed testimony from the alleged victim’s doctor that the HRS worker who brought the child in for examination told him that the child suffered from fetal alcohol syndrome and that the child was tested positive for cocaine at birth. There were no documents to support either of these statements. The court should have excluded the statements because they were hearsay on hearsay, not admissible under any exceptions to the hearsay rule. § 90.802, Fla.Stat. (1989). The hearsay statements were never qualified under the “statements for medical diagnosis or treatment” exception m section 90.803(4), Florida Statutes (1989). The prejudice to the appellant caused by these statements precludes the finding of harmless error under State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The trial court also erred in admitting into evidence the bloodstained children’s underwear found in the appellant’s garbage can several days after the alleged crime occurred. The serologist could only testify that the blood found on the panties was human, and he was unable to match the blood to that of the victim. The child was never asked to identify the panties at trial. There was clearly a lack of predicate for the admission of the underwear into evidence.
There was no error in allowing the child’s guardian ad litem to sit with her during her testimony. The trial court took adequate precautions to ensure that the guardian would not influence the child’s responses. Likewise there was no error in allowing one of the witnesses to testify that on one occasion the alleged victim “smelled like sex.” Lay opinions are permissible under the rules of evidence. § 90.701(1), Fla.Stat. (1989).
Accordingly, we reverse the conviction and sentence of the appellant and remand for a new trial.
DELL, GUNTHER and POLEN, JJ., concur.